IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KEITH ANTOINE JONES,                *

    Petitioner,                  *

        v.                       *    CIVIL NO.:    WDQ-13-2299
                              *    CRIMINAL NO.: WDQ-08-0441
UNITED STATES OF AMERICA,
                              *
    Respondent.
                              *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM

On January 22, 2009, Keith Antoine Jones pled guilty to possession with intent to distribute cocaine base and heroin, and being a felon in possession of a firearm. ECF Nos. 21, 22. He was sentenced to 188 months imprisonment. ECF No. 34. On December 5, 2014, the Court granted Jones's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 91. On March 12, 2015, the Court held a re-sentencing hearing. ECF No. 92. For the following reasons, the Court found that Jones is a career offender, and his criminal history category did not overstate his prior criminal conduct.

I. Background

The Presentence Report ("PSR") prepared before Jones's initial sentencing found that four state convictions qualify as predicates for Armed Career Criminal Act ("ACCA")[1] or career

---

[1] Under the ACCA,

offender designation. PSR at 8, 13 (sealed). They included Jones's (1) 1999 resisting arrest conviction; (2) 2000 possession with intent to distribute marijuana conviction; (3) 2001 cocaine distribution conviction; and (4) 2004 cocaine distribution conviction. Id.

According to the PSR, which the Court adopted, the 1999, 2001, and 2004 convictions were predicates for ACCA and for the career offender enhancement. The 2000 conviction was a predicate for the career offender enhancement, not the ACCA, because it carried a maximum sentence of five years, and an ACCA drug offense predicate must have a maximum sentence of 10 years or more. PSR at 8, 13 (sealed); ECF No. 81-1 at 5; 18 U.S.C. § 924(e)(2)(A).

On December 5, 2014, the Court found that Jones's 2001 and 2004 convictions were obtained in violation of Jones's Sixth Amendment Right to Counsel, ECF No. 90 at 27; thus, Jones had insufficient ACCA qualifying convictions, and the 2001 and 2004 convictions may not be considered in determining whether Jones is a career offender. However, according to the PSR, Jones's

---

> a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for . . . a serious drug offense, . . . committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1).

1999 conviction for resisting arrest, and 2000 conviction for possession with intent to distribute, provide the sufficient career offender predicates. See ECF No. 81-1 at 8; PSR at 5.

II. Analysis

    A.    Career Offender Status

Jones argues that the 1999 resisting arrest conviction is not a predicate offense for career offender status. ECF No. 96 at 6-12. Jones also argues that his criminal history category overstates his criminal history. *Id.* at 13-14. The Government argues that resisting arrest is a predicate offense, and that Jones's criminal history is not overstated. ECF No. 97 at 3-9.

Under the federal sentencing guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a *crime of violence* or a controlled substance offense.

U.S.S.G. § 4B1.1(a)(emphasis added).

A "crime of violence" means any state or federal offense punishable by more than one year imprisonment, that: "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another," (the "force clause"), or "(2) is burglary of a dwelling, arson, or extortion, involves use of explosives," (the "enumerated crimes clause"), or (3)

"otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). U.S.S.G. § 4B1.2(a). Jones asserts that resisting arrest is not a crime of violence under the force or residual clauses--nor is it an enumerated crime. ECF No. 96 at 8-12.

### 1. Force Clause

Jones relies on *United States v. Aparicio-Soria*, 740 F.3d 152, 153-54 (4th Cir. 2014) for the proposition that Maryland's resisting arrest offense is not a crime of violence under the force clause. *Id.* at 9. In *Aparicio-Soria*, pursuant to *Descamps v. United States*, 133 S.Ct. 2276, 2282 (2013), the Fourth Circuit applied the categorical approach to determine whether Maryland's resisting arrest offense was a crime of violence under the illegal reentry guideline, U.S.S.G. § 2L1.2. 740 F.3d at 153-54. Section 2L1.2(b)(1)(A)(ii) provides for an enhancement when the defendant had been previously convicted of a "crime of violence." A "crime of violence" is, in pertinent part, "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii).

Maryland's resisting arrest statute, Md. Code Ann., Crim. Law § 9-408(b)(1), provides that "[a] person may not

intentionally ... resist a lawful arrest." However, the statute retains the offense's common law elements, which are:

> (1) that a law enforcement officer attempted to arrest the defendant; (2) that the defendant knew that a law enforcement officer was attempting to arrest [him][her]; and (3) that the defendant refused to submit to the arrest and resisted the arrest by force.

*Aparicio-Soria*, 740 F.3d at 155 (*citing* Maryland Pattern Jury Instructions–Criminal 4:27 (1995)); *Williams v. State*, 435 Md. 474, 79 A.3d 931, 944 (2013).

"[T]he force required for conviction pursuant to the Maryland resisting arrest statute is merely 'offensive physical contact,' . . . a threshold far lower than violent force capable of causing pain or injury to another." *Aparicio-Soria*, 740 F.3d at 155 (*citing Nicholas v. State*, 44 A.3d 396, 409 (Md. 2012)). Thus, the Fourth Circuit held that Maryland's resisting arrest offense did not have "as an element the use, attempted use, or threatened use of physical force against the person of another," and was not a "crime of violence" under U.S.S.G. § 2L1.2. *Aparicio-Soria*, 740 F.3d at 153.

The government argues that *Aparicio-Soria* is inapposite because it addressed whether resisting arrest is a crime of violence under the illegal reentry sentencing guideline, not the career offender guideline. ECF No. 97 at 3.[2] However, the force

---

[2] The government also argued that *Aparicio-Soria* did not overrule *United States v. Jenkins*, 631 F.3d 680, 685 (4th Cir. 2011),

clause in the illegal reentry guideline is identical to the force clause in the career offender guideline. *Compare* U.S.S.G. § 4B1.2(a)(1), *with* U.S.S.G. § 2L1.2 cmt. n. 1(B)(iii). Moreover, both are identical to the definition of "violent felony" under the ACCA. *See* 18 U.S.C. § 924(e).[3] For that reason, the Fourth Circuit "rel[ies] on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a 'violent felony' under the [ACCA], because the two terms have been defined in a manner that is 'substantively identical.'" *United States v. Montes-Flores*, 736 F.3d 357, 363 (4th Cir. 2013) (*quoting United States v. King*, 673 F.3d 274, 279 n. 3 (4th Cir. 2012)).

Because "crime of violence" under the illegal reentry guideline *and* the career offender guideline is interpreted consistently with the ACCA's definition of "violent felony," *see Montes-Flores*, 736 F.3d at 363 (illegal reentry), *King*, 673 F.3d at 277, 279 n.3 (career offender), the Fourth Circuit's decision in *Aparicio-Soria* is, at the very least, highly persuasive, if not controlling, here. Because the Fourth Circuit has

---

which held that Maryland's resisting arrest offense was a crime of violence under the residual clause. *Jenkins* will be discussed *infra*.

[3] Under 18 U.S.C. § 924(e)(2)(B), "violent felony" means, *inter alia*, a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another."

determined that the offense of resisting arrest is not a "crime of violence" under the force clause of the illegal reentry guideline, the Court found that resisting arrest was not a "crime of violence" under the career offender guideline.

2. Residual Clause

Jones argues that the residual clause is unconstitutionally vague. ECF No. 96 at 11-12. The government argues that *United States v. Jenkins*, 631 F.3d 680 (4th Cir. 2011), and *United States v. Wardrick*, 350 F.3d 446 (4th Cir. 2003)--both of which addressed whether Maryland's resisting arrest offense was a "crime of violence" under the ACCA's and career offender guideline's residual clause--remain good law. The government is correct.

In *Wardrick*, the Fourth Circuit held that Maryland's resisting arrest offense was a violent felony under the ACCA because it "pose[d] a threat of direct confrontation between a police officer and the subject of the arrest, creating the potential for serious physical injury to the officer and others." 350 F.3d at 455. Similarly, in *Jenkins*, the Fourth Circuit held that resisting arrest was a "crime of violence" under the residual clause of the career offender guideline. 631 F.3d at 685.[4]

---

[4] The Fourth Circuit noted that, under the U.S. Supreme Court's *Begay* and *Chambers* decisions rendered after the Court's *Wardrick*

Jones further relies on *United States v. Carthorne*, 726 F.3d 503 (4th Cir. 2013), which found that Virginia's offense of assault and battery on a police officer was not a crime of violence under the residual clause. However, *Carthorne*--which is not directly on point--did not overrule *Jenkins* or *Wardrick*. Accordingly, Jones's reliance on *Carthorne* is misplaced.

As to the constitutionality of the residual clause, Jones notes that the U.S. Supreme Court has calendared *Johnson v. United States*, 135 S. Ct. 939 (2015), for supplemental briefing and re-argument on the constitutionality of the ACCA's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii).[5] ECF No. 96 at 12.[6] In the interim, this Court is not free to disregard binding Fourth Circuit precedent. Accordingly, the Court found that Maryland's resisting arrest offense was a crime of violence under the residual clause, and Jones was a career offender.

---

decision, resisting arrest would not be a crime of violence "only if it can be committed either negligently or recklessly—as opposed to intentionally or purposefully." *Jenkins*, 631 F.3d at 685. Because resisting arrest "must be committed intentionally, it qualifies as a 'crime of violence' for purposes of the Career Offender Enhancement." *Id*.

[5] Oral argument will occur during the April 2015 session. See *Johnson*, 135 S.Ct. at 939.

[6] The Eighth Circuit upheld the constitutionality of the ACCA, 18 U.S.C. § 924(e), because the U.S. Supreme Court, and the Eighth Circuit, had previously upheld it and "Johnson's argument does not meaningfully differ from earlier attempts." *United States v. Johnson*, 526 F. App'x 708, 712 (8th Cir. 2013) *cert. granted*, 134 S. Ct. 1871 (2014).

B.    Overstatement of Criminal History

Jones argues that criminal history category VI overstates his criminal conduct because most of his prior offenses were committed when he was 20 years old or younger, involved small drug quantities, and were nonviolent offenses.  ECF No. 96 at 13.  The government argues that Jones's criminal history is not overstated because, although some of his prior arrests and convictions may be attributed to "youthful indiscretions," in the instant case, Jones, while driving, fled from officers and almost collided with other cars, and a search of his apartment soon after uncovered "more than 100 grams of heroin, a .45 caliber handgun, and more than $21,000 in cash."  ECF No. 97 at 6.

Although federal sentencing guidelines are not mandatory,[7] the first step for a federal sentencing court is to "determine the range prescribed by the guidelines after making such findings of fact as are necessary."  *United States v. Hughes*, 396 F.3d 374, 381 (4th Cir. 2005); *see also United States v. Naylor*, 359 F. Supp. 2d 521, 523 (W.D. Va. 2005); U.S.S.G. § 4A1.2.  "If reliable information indicates that the defendant's [guidelines-based] criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will

---

[7] *See United States v. Booker*, 543 U.S. 220 (2005).

commit other crimes, a downward departure *may* be warranted." U.S.S.G. § 4A1.3(b)(1)(emphasis added).[8] Federal sentencing courts have discretion to determine whether a downward departure is merited. *United States v. Carr*, 271 F.3d 172, 176 (4th Cir. 2001).

Here, the Court found that Jones's criminal offense level was 34, resulting in criminal history category VI, and his advisory sentencing guidelines range was 188 to 235 months. Based on the seriousness of Jones's criminal record--which included the discharge of a firearm--the Court found that his criminal history category was not substantially over-represented. *See Carr*, 271 F.3d at 176; *United States v. Allen*, 491 F.3d 178, 193 (4th Cir. 2007) (affirming sentence when district court understood that it had authority to grant a downward departure, "but did not believe that such a departure was warranted"). However, after balancing Jones's criminal record with his impressive post-sentencing rehabilitation, the Court imposed a variance sentence of 108 months incarceration.

---

[8] For example, a downward departure "may be warranted if . . . the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3 cmt. n.3.

III. Conclusion

For the reasons stated above, the Court found that Jones is a career offender, and his criminal history category did not overstate his prior criminal conduct.

__3/17/15_____   _____
Date                                William D. Quarles, Jr.
                                    United States District Judge